SAMUEL OAKMAN, Surviving Partner, v. CITY INSURANCE COMPANY.

To a special plea in bar of an action on a policy of insurance, alleging that by the provisions of the policy no action was sustainable thereon, unless commenced within twelve months next after the loss, within which time this action was not commenced, the plaintiff replied, *precludi non,* because, "after said cause of action had accrued, and within the twelve months next after the occurrence of the loss and damage aforesaid, the said defendant corporation waived the said condition and proviso in their policy mentioned." *Held,* on demurrer to this replication, that it was lacking in precision, and did not show, with the degree of certainty required by the rules of pleading, what it was which the plaintiff expected to prove in rebuttal of the special plea, and that the plaintiff must set out fully in his replication what it was that he claimed had been done by the parties, which amounted to such a waiver.

DURFEE, J. This is an action upon a policy of fire insurance, to which the plaintiffs have pleaded the general issue and a special plea in bar to the effect that, by a provision of the policy, no action is sustainable in any court of law or chancery thereon, unless commenced within twelve months after the loss, within which time this action was not commenced. To this special plea the plaintiff has replied, among other replications, that he ought not to be precluded from maintaining his action because "after said cause of action had accrued and within the twelve months next after the occurrence of the loss and damage aforesaid, the said defendant corporation waived the said condition and proviso in their policy mentioned," &c. The defendants have moved that this replication be struck out as insufficient.

The replication is certainly novel in its form. It alleges that the defendants waived the proviso mentioned, but does not allege anything which they either said or did by which they waived it. Strictly speaking, the defendants could not waive the proviso until the time came for them to insist upon it, that is to say, after they were sued. They may have agreed to waive it before the suit ; and perhaps such an agreement, for valuable

consideration, would be a proper replication to the special plea. But if the plaintiff means to rely upon an executory agreement to waive the proviso, he should plead the same according to its tenor and effect as he would plead any other agreement. Doubtless, too, before suit, the defendants may have relinquished the benefit of the proviso by release or by an alteration of the policy in that respect duly made.; and by waiver the plaintiff may mean such a relinquishment. If so, he should, if he wishes to avail himself of the release or alteration, plead the same in proper form as a release or alteration. Or, again, the defendants may have so conducted or dealt with the plaintiff, or made him such promises or representations, that he was induced to delay, and did in consequence thereof delay suing them, till the twelve months had elapsed, so that now they ought not in fairness to be permitted to set up the proviso in bar of the suit. This is what is known as an *estoppel in pais*, though it may be sometimes loosely called a waiver. But if the plaintiff intends to rely upon such an estoppel, he ought to plead specially the matters which he thinks entitle him to the benefit of the estoppel. The fact that the replication is open to so many suppositions, shows that it is lacking in precision. In our opinion, it does not show, with the degree of certainty required by the rules of pleading, what it is which the plaintiff expects to prove in rebuttal of the special plea; and, therefore, should either be amended, or, agreeably to the defendant's motion, be stricken out.

*Replication stricken out, and new replication filed by leave of court.*
*Ripley and Ames, for plaintiffs.*
*Browne and Van Slyck, for defendants.*